**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RONALD JONES,**

      **Plaintiff,**

**v.**                                                                    **Case No. 4:25-cv-188-AW-MAF**

**THE SCHOOL BOARD
OF GADSDEN COUNTY,**

      **Defendant.**

_____/

## <u>ORDER OF DISMISSAL</u>

*Pro se* Plaintiff Ronald Jones sued the Gadsden County School Board. He alleges he applied for teaching positions some 500 times but never got one. His operative complaint (the fourth amended) alleges this was because of retaliation in violation of Title VII or age discrimination in violation of the ADEA. ECF No. 15. The School Board moved to dismiss based on Rule 12(b)(6). ECF No. 18. The magistrate judge issued a report and recommendation concluding the court should grant the motion and dismiss the case. ECF No. 21. Having considered the matter, and after a de novo review of the issues Jones addressed in his objections, I now adopt the report and recommendation and incorporate it into this order.

The issue is not complicated. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

1

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*). Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Still, even with *pro se* litigants, a complaint cannot survive without alleging sufficient facts to meet the *Iqbal* standard. Jones's complaint does not meet that standard.

Jones includes several conclusory allegations that he faced unlawful discrimination or retaliation. *See, e.g.*, ECF No. 15 at 7 (alleging that School Board's "real reasons for not hiring Plaintiff [] were illegal retaliation and discrimination based on filing in the United States District Court"). But he alleges no facts plausibly supporting his claims. He does allege that a school official modified his resume, *see id.* at 8 (alleging that official "illegally removed the page from Plaintiff's Re' Sume's (sic) employment history with coaching and teaching experience to make it seem as if the other person was more qualified than Plaintiff"), but there are no facts alleged suggesting that alleged removal (or anything else) was based on discrimination or retaliation.

The magistrate judge points out that Jones has alleged his own age but not the age of the person selected for the position. ECF No. 21 at 6. That is true, but even if

Jones had alleged a younger person was selected, that alone would not be sufficient to state a plausible claim. To state a plausible age-discrimination claim, it takes more than an allegation that someone younger than the plaintiff got the job. The bottom line is that Jones has not alleged sufficient facts to support either of his claims.

I agree with the magistrate judge that Jones has had sufficient opportunities to state a claim. We are on the fourth amended complaint, and the magistrate judge has pointed out defects in the prior complaints. In this circumstance, dismissal with prejudice is appropriate.

It is now ORDERED:

1. The motion to dismiss (ECF No. 18) is GRANTED.

2. The objections to the report and recommendation (ECF No. 22) are OVERRULED.

3. The clerk will enter a judgment that says, "Plaintiff's claims are dismissed on the merits for failure to state a claim."

4. The "motion for judicial notice of DOAH case history" (ECF No. 23) is DENIED because there is no need for consideration of matters beyond the operative complaint.

5. The "motion for the court to take judicial notice" (ECF No. 26) is DENIED for the same reason.

6.    The "motion for sanctions," which relates to an action Defendant allegedly took "during Plaintiff's administrative hearing," (ECF No. 24) is DENIED.

7.    Similarly, the "motion for sanctions for withholding application" (ECF No. 30) is DENIED.

8.    The motion for leave to amend (ECF No. 25) is DENIED. The motion does not comply with the court's local rules, which require the filer to file the proposed amended pleading with such a motion. *See* N.D. Fla. Loc. R. 15.1. Regardless, Plaintiff has had sufficient opportunities to amend and state a claim.

9.    The "motion to compel production of personnel file" (ECF No. 28) is DENIED. The motion is moot because the case is dismissed. In addition, the motion did not comply with the court's local rules.

10.    The "motion to compel production of complete personnel file" (ECF No. 31) is DENIED for the same reasons.

11.    The "motion for reconsideration" (ECF No. 29) is DENIED. It seeks reconsideration of an order that was not in existence at the time the motion was filed.

12.    The other "motion for reconsideration" (ECF No. 32) is likewise DENIED.

13.    The clerk will close the file.

SO ORDERED on April 13, 2026.

s/ *Allen Winsor*
Chief United States District Judge